No. 3773.—JOSEPH WETHEROW v. JESSE CROSLIN.

An attachment that has been granted on the oath of the creditor, that the debtor was about to convert his property into money, or evidences of debt, with intent to place it beyond the reach of his creditors, should not be dissolved on motion of the debtor, that the affidavit is false, if the evidence offered on the trial of the motion shows that the debtor was making an effort to sell his property, or place it out of his hands.

APPEAL from the Thirteenth Judicial District Court, parish of Madison. *Hough*, J. *E. D. Farrar*, for plaintiff and appellant. *Welles & Rainey*, for defendant and appellee.

LUDELING, C. J. The plaintiff sued the defendant, on a promissory note, for six hundred and seventeen dollars and twenty-five cents, and he obtained an attachment against the defendant on the ground that he had reason to fear or believe that defendant was about " to convert his property into money or evidences of debt, with intent to place it beyond the reach of his creditors."

The defendant (without answering to the merits) filed a motion to dissolve the attachment, on the ground that the affidavit is false, " that defendant never made any attempt to dispose of his property, nor desired to do so at any time prior to filing this suit."

The motion was tried and the attachment was set aside. From this order the plaintiff has appealed.

The defendant swore, on the trial, that he never offered to sell any of his property before the filing of this suit, nor did he tell any one he wanted to sell his property, etc.

The plaintiff, on the other hand, swore that he was informed by different parties that defendant had proposed to transfer his property to them to avoid paying his debts; that J. W. Clark was one of the persons who gave him this information, and that one Otis had exhibited to him a paper, whereby defendant had turned over to Otis some of his property. And Clark testified, " that sometime during last summer, previous to the seizure of the property of Jesse Croslin, defendant proposed to turn over to witness his property, stating as his reason for doing so, that he owed Mr. Witherow, plaintiff, and Mrs. Bauer, some money, and was unable to pay them at that time; that they were going to sue him, and he wanted to keep his property, but wanted to pay them."

It is manifest the judge of the court a qua erred in dissolving the attachment. C. P. 240.

It is therefore decreed that the order dissolving the attachment be annulled, and that the attachment be reinstated, and that appellee pay costs of this appeal.